RICHARD C. KELLY, District Attorney, Juneau County
You have requested my opinion relative to the propriety of the district attorney being permitted to participate in the determination of fees to be paid to counsel for indigent defendants.
You state it is contemplated that a procedure would be adopted requiring that, prior to determination in open court, defense counsel shall give five days written notice to the district attorney accompanied by the proposed bill and itemized statement. The district attorney would be able to waive the notice or could participate in the hearing and object to the fee.
You do not state whether the procedure is to be established by the county board or by the judges of the courts of record.
Under sec. 970.02 (6), Stats., the judges of courts of record in each county must establish procedure for the appointment of counsel.
The claim for services is essentially civil in nature. However, by reason of sec. 967.06 (2), Stats., the judge or court has final authority in the determination of the amount to be paid.
Section 967.06 (2), Stats., provides: *Page 394 
"(2) The judge or court under this section shall fix the amount of compensation for counsel appointed hereunder, which shall be such as is customarily charged by attorneys of this state for comparable service, and shall provide for the repayment of actual disbursements for necessary travel and other expense, automobile travel to be compensated at not over 8 cents a mile. The certificate of the clerk shall be sufficient warrant to the county treasurer to make such payment."
In Conway v. Sauk County (1963), 19 Wis.2d 599,120 N.W.2d 671, the court did have the advice of the district attorney who tried the matter and of the then present district attorney. The Supreme Court did not disapprove of such practice. It is noted that the county corporation counsel handled the appeal. The court held that the responsibility as to the amount to be allowed as fees to an attorney appointed to defend an indigent person must rest primarily on the trial court and the proper test for review on appeal is whether the record demonstrates that the allowance made by the court was clearly unreasonable.
It would appear that, where the judge fixing the compensation presided at the trial, there would be no legal requirement that he should seek the advice of the district attorney. The latter is essentially in an adversary position, and it could be argued that he would be unlikely to give sufficiently objective recommendations. The county does have an interest in the amount of such fees; and if objection is to be made, it might be better to have the county corporation counsel participate in any hearing before the court. In counties lacking such officer, civil matters are within the province of the district attorney who could appear at the request of the court.
In conclusion, there is no legal objection to permitting the district attorney to appear at a hearing concerning the determination of compensation to be allowed counsel for an indigent defendant. The court should weigh the objectivity of the recommendation where the district attorney has participated *Page 395 
in the trial, and the court has the final responsibility in establishing reasonable compensation.
RWW:RJV